## CHAMPLIN REFINING CO. et al. v. GEORGE.

No. 27833.   Feb. 21, 1938.

R. B. McCabe and Scarritt & Champlin, for plaintiffs in error.

Bob Howe and Hugh M. Bland, for defendant in error.

OSBORN, C. J.   Lennie George, defendant in error, plaintiff in the original action, brought this suit in the common pleas court of Oklahoma county against the Champlin Refining Company, a corporation of Iowa, and the Champlin Refining Company, a corporation of New Mexico, plaintiffs in error herein, for damages.

Both parties waived a trial by jury and the cause was tried to the court.   Upon conclusion of the testimony the court rendered judgment in favor of the plaintiff in the sum of $350.   The defendants' motion for a new trial was denied, and they have appealed.

The plaintiff testified substantially as follows:   That she and her husband lived in an apartment on the north side of the house at 804 North Everest street, Oklahoma City; about 30 feet north of her kitchen, and across the alley, was an oil well owned and operated by the defendants; on the morning of the 13th of April, 1936, she went into the kitchen to light the coal oil cook stove and upon lighting a match there was an explosion which knocked her about twelve feet through an open door into an adjoining room, where she struck the bed, injuring her back; that she had not turned on the coal oil stove or touched it when the explosion occurred; the window on the north side of the kitchen had been left open the night before; the explosion burst the plastering off the walls in that room, burned the wall paper off the walls, burned and damaged the furniture in the kitchen; that she had smelled gas in the kitchen for more than a week, but the fumes were stronger on the morning of the explosion; the house was piped for natural gas for domestic use, but plaintiff did not use it for heating purposes, although the occupants of the apartment on the south side of the home did.

Other witnesses for plaintiff testified that they had smelled gas fumes about the house and in the yard: one of the girls in the apartment on the south side of the house stated that neither she nor her cousin was awakened by the explosion alleged to have occurred in plaintiff's part of the house.

The plaintiff did not introduce any direct evidence as to the condition of the pipes, valves, and connections on the oil well of the defendants, nor did she allege any specific acts of negligence in her petition, but relied solely upon the doctrine of res ipsa loquitur.

The defendants introduced evidence to establish that no leaks or faulty connections or valves were found on the well equipment and that said well had been inspected every day prior to the explosion; that said well was equipped with the usual vent pipe which extended down the alley to approximately the center of the block where the fumes, if any, were discharged about 75 feet above the ground.   One of the firemen stated that he arrived at the house shortly after the accident and found the kitchen full of smoke and the coal oil kitchen stove burning with flames leaping 18 to 20 inches above the top of the stove.   This fireman and the deputy fire chief testified that they found no evidence indicating any explosion, and that in their opinion there had been no explosion, but that the fire was caused by the coal oil stove, one of them expressing the opinion the accident occurred when some one

tried to fill the coal oil stove while it was burning.

The next door neighbor testified that she ran over to plaintiff's house when she heard her holler "fire," and helped take the furniture out of the kitchen before the fire department arrived, and while there the plaintiff told her that "she had lit the stove and evidently had forgotten to turn it off when she generated it," but "had presence of mind enough to take the oil container off the stove and put it outside."

In order for the plaintiff to recover in this action it was necessary that she prove negligence on the part of the defendants and the causal connection between that negligence and her injury. Plaintiff did not endeavor to prove specific acts of negligence, but relied upon the doctrine of res ipsa loquitur. The trial judge expressly stated that the judgment was based upon that doctrine.

The maxim, res ipsa loquitur, was defined by this court in Muskogee Electric Traction Co. v. McIntire, 37 Okla. 684, 133 P. 213, as follows:

"Where the thing is shown to be under the management of the defendant or his servants, and the accident is such as in the ordinary course of things does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from want of care."

However, before this doctrine could be invoked it was necessary for plaintiff to establish as preliminary propositions what "thing" caused the injury and that the "thing" causing the injury was under the control of the defendants or its servants. This was aptly expressed by the Maryland court in the leading case of Benedict v. Potts, 40 Atl. 1067, in the following language:

"The maxim, res ipsa loquitur, does not go the extent of implying that you may, from the mere fact of an injury, infer what physical act produced that injury; but it means that when the physical act has been shown, or is apparent, and is not explained by the defendant, the conclusion that negligence superinduced it may be drawn, as a legitimate deduction of fact. * * * Negligence manifestly cannot be predicated of (on) any act until you know what the act is."

The evidence is highly conflicting as to whether there was an explosion caused by an accumulation of natural gas in plaintiff's kitchen or whether the fire was caused when plaintiff attempted to fill or generate the coal oil kitchen stove. Even if we should assume that there was an explosion of natural gas, we fail to find any proof that such gas came from the oil well operated by the defendants; therefore, the doctrine of res ipsa loquitur is not applicable. Since there is no specific act of negligence on the part of the defendants either directly or by inference, it therefore follows that the cause must be reversed for failure on the part of the plaintiff to establish actionable negligence.

The judgment of the trial court is reversed.

BAYLESS, V. C. J., and WELCH, CORN, and HURST, JJ., concur.