### HAZELRIGG v. HARVEY.

No. 30759. Dec. 22, 1942.

*132 P. 2d 650.*

Pipkin & Pipkin and A. S. Wells, all of Seminole, for plaintiff in error.

Duke Duvall and J. B. Dudley, Jr. both of Oklahoma City, and J. W. Levin, of Seminole (Dudley, Hyde, Duvall & Dudley, of Oklahoma City, of counsel), for defendant in error.

OSBORN, J. This action was instituted in the superior court of Seminole county by O. L. Harvey, hereinafter referred to as plaintiff, against S. R. Hazelrigg, hereinafter referred to as defendant. Plaintiff sought recovery of the sum of $2,000, which amount, he contended, was due under the terms of an oral contract entered into between the parties in the adjustment of a controversy relating to the issuance of a permit by the Interstate Commerce Commission to engage in the trucking business. The cause was tried to a jury and a verdict was returned in favor of plaintiff. From a judgment thereon, defendant has appealed.

It appears that plaintiff and defendant were formerly copartners operating a trucking business under the name of H. & H. Trucking Company. Some differences arose between them resulting in the institution of an action for the dissolution of the partnership. On January 5, 1936, the partnership was dissolved by court order. Thereafter the parties operated separate trucking businesses and procured separate permits for said purpose from the State Corporation Commission. The parties operated within the states of Oklahoma, Kansas, Texas, Louisiana, New Mexico, and Arkansas.

In 1935, the Congress enacted a statute known as the Motor Carrier Act of 1935 (49 Stat. 543). This is a comprehensive act relating to the regulation of motor carriers by the Interstate Commerce Commission where said carriers are engaged in interstate commerce. Section 206a of the act provides that no carrier shall engage in interstate operation without a certificate of public convenience and necessity, but further provides that if any such carrier or predecessor in interest was in bona fide operation as a common carrier by motor vehicle on June 1, 1935, over the route or routes within the territory for which application was made, and has so operated since that time, a certificate should be issued "without requiring further proof that public convenience and necessity will be served by such operation and without further proceedings," provided the application was made within 120 days after the effective date of said section. The section further provides that any person engaged in transportation in interstate commerce as a

common carrier by motor vehicle when the section took effect might continue such operation for a period of 120 days thereafter without a certificate, and if application was made within such period, the carrier might continue such operation under such regulations as may be prescribed by the commission. The above provisions are commonly referred to as the "Grandfather Clause" of the act.

It is noted that the parties were operating a trucking business as a partnership on the date of June 1, 1935.

Both parties made application to the Interstate Commerce Commission, under the provisions of the above section, for a permit to operate within the six states above named. A hearing was had before an examiner of the Interstate Commerce Commission. He stated to the parties that it was not probable that the Interstate Commerce Commission would issue more than one permit and suggested that the parties enter into a private agreement as to which of the parties would receive the permit. The record discloses that they entered into negotiations pursuant to which it was agreed that the permit should be issued to defendant, Hazelrigg. As consideration for the relinquishment of the rights of plaintiff to said permit, it was agreed that defendant would assign to plaintiff a permit which he had procured from one J. L. Hays, which permit had been issued by the Interstate Commerce Commission and authorized the operation of a trucking business within the states of Oklahoma, Kansas, and Texas, and in addition defendant was to pay plaintiff the sum of $2,000 in cash. The defendant contends that there was a further condition and that was that plaintiff was to discontinue his trucking operations for a period of 30 days after the date of agreement, which was February 5, 1938, and during that period plaintiff was not to hold himself out as a trucking contractor. Defendant contends that plaintiff breached this provision of the oral agreement and continued his trucking operations, and on account of said breach, defendant was released of the obligation to pay to plaintiff the sum of $2,000 hereinabove referred to. Plaintiff denied any such agreement was entered into.

Upon this issue of fact the cause was submitted to the jury and a verdict was returned in favor of plaintiff. Under the instructions of the court the general verdict included a finding by necessary inference that there was no agreement on the part of plaintiff to discontinue his trucking operations for the 30-day period.

The sole contention of defendant is that the trial court erred in giving its instruction No. 4, which instruction is as follows:

"You are instructed that under the Motor Carriers Act of 1935 where a person files an application for a certificate, which said application is filed seeking 'Grandfather Rights' and which application is filed prior to 120 days from and after October 1, 1935, as was the case of the application of the plaintiff, O. L. Harvey, that such applicant has a right to continue his operations in interstate commerce until there is a final order of the Interstate Commerce Commission denying his right to operate and you are instructed that since the plaintiff, O. L. Harvey, filed his application within the time specified by the Motor Carriers Act of 1935, that he had a right to operate in interstate commerce under the six state permit up to and including the 23rd day of May, 1938."

Defendant contends that said instruction, in effect, resulted in an instructed verdict for plaintiff, but admits that if, in addition to the language used, the court had qualified said instruction by directing attention to the purported agreement of the plaintiff to suspend operations for 30 days, and had stated defendant's contention in this respect, said instruction would not be erroneous. It is well established that instructions must be considered as a whole, and although a single instruction standing alone may be subject to criticism, when the instructions taken together fairly submit the issues to the jury, a judgment on the verdict will not be disturbed. Vol. 14 West's Oklahoma Digest,

Trial, Key No. 295. The defendant concedes that the law is correctly stated in instruction No. 3, wherein the jury was instructed that defendant's contention was that the oral contract between plaintiff and defendant was to the effect that plaintiff would, for a period of 30 days, cease operating across the state lines under the six-state permit, and if the jury should find that the agreement to cease operations for said period was a part of the consideration for the agreement between the parties, and plaintiff failed and refused to cease said operations, then the verdict should be for the defendant.

It is noted that instruction No. 4 relates to the provisions of the "Motor Carriers Act of 1935" and is confined exclusively to the rights of the parties as fixed by the law, whereas instruction No. 3 relates to the controversy between the parties with reference to the facts and submits to the jury the theory upon which the defendant claims he is entitled to prevail. When all of the instructions are considered as a whole, it appears that no reversible error was committed.

The judgment is affirmed.

BAYLESS, GIBSON, HURST, and ARNOLD, JJ., concur. WELCH, C. J., CORN, V. C. J., and DAVISON, J., absent. RILEY, J., not participating.