DAVIS v. CURRY et al.

No. 32134. March 19, 1946.

*167 P. 2d 73.*

Sigler & Jackson, of Ardmore, and N. E. Ticer, of Wilson, for plaintiff in error.

Ezra Dyer and Thomas W. Champion, both of Ardmore, for defendant in error.

PER CURIAM. This is an appeal taken by A. D. Davis, plaintiff below, from a judgment rendered against him and in favor of Grace Curry in the district court of Carter county, Okla. The action was brought to recover on a promissory note in the sum of $1,000. This is the third appeal. See Heenan v. Davis, 182 Okla. 237, 77 P. 2d 78, and

Davis v. Curry, 192 Okla. 32, 133 P. 2d 186.

It appears from the allegations of the petition and the evidence offered in plaintiff's behalf that his case was based on the theory that C. M. Sewell, brother of defendant, was about to engage in the automobile business in Wilson, Okla., and that he approached plaintiff for the purpose of securing financial assistance; that plaintiff agreed to finance him if the defendant would agree to stand good to the extent of $1,000 for any sums advanced him in such business; that a written agreement was entered into and executed by Mr. Sewell and defendant whereby defendant guaranteed to pay all such indebtedness in the event Sewell defaulted, to the extent of $1,000; that the note in question was then executed. It is further pleaded, and evidence offered by plaintiff to support the allegations that this written agreement had been lost, and plaintiff testified as to its contents. It is further alleged and testified to by plaintiff that he agreed to purchase notes from Mr. Sewell taken for the sale of automobiles when properly endorsed by him, and that in the written guarantee signed by defendant she also guaranteed payment of all such worthless and uncollected notes. It is further alleged and testified to by plaintiff that Sewell thereafter closed his business in Wilson, Okla., and left the state, and at that time there remained due him the sum of $1,150, money advanced by him to Sewell in carrying on his business.

Defendant in her answer pleads, and at the trial testified, that she executed the note sued upon. She, however, denied that she ever agreed to guarantee the payment of all money advanced by plaintiff to Mr. Sewell or that she ever agreed to become responsible for notes purchased from him by plaintiff and not paid. She affirmatively alleged and testified that the note was executed upon an oral agreement whereby she guaranteed that Mr. Sewell would repay to plaintiff all money collected by him on notes theretofore sold, endorsed, and transferred to plaintiff, which notes were afterward returned to him for collection. She denied that the written contract pleaded by plaintiff was ever executed by her, and further alleged that the oral agreement entered into by her was an agreement to answer for the debts and default of Sewell, and was therefore void under the statute of fraud. She further pleaded and testified that some time after the note was executed the plaintiff and Mr. Sewell entered into a written agreement whereby it was agreed as to the amount then remaining due and unpaid by Sewell to the plaintiff, which agreement also set forth the items constituting such indebtedness; that such agreement was in the form of a letter written by Mr. Sewell to plaintiff; that plaintiff accepted and acted upon such agreement, and that she had no knowledge of such agreement nor did she consent thereto. It is pleaded by defendant that this agreement constituted an account stated and that it materially altered the terms of the original obligation, and that by reason thereof defendant was discharged and exonerated as guarantor. This letter was pleaded and offered in evidence and is as follows:

"Gilmer, Texas
"April 19, 1943,

"Mr. A. D. Davis
"Wilson, Oklahoma.
"Dear Mr. Davis:

"I am writing you this letter regarding my indebtedness to you. I acknowledge that I owe you one note in the principal sum of $1150.00 dated in the year 1929. I also owe you the following sums on the following car deals, which you agreed to carry for me, and which payment I guaranteed, viz:

| | |
|---|---|
| C. W. Graham | $65.00 |
| Jim Guantt | 200.00 |
| R. G. Carriker | 200.00 |
| W. E. Posey | 142.44 |
| R. D. Sanders | 245.43 |
| A. M. Maxwell | 220.00 |
| Leonard J. Peden | 120.00 |

—the last mentioned obligation total-

ing $1192.87 in addition to the note of $1150.00.

"I am paying you herewith $1.00 on the $1150.00 note and $1.00 on each of the other items. I justly owe you the sum of money provided for in the $1150.00 note and the sum or sums of money provided for in each of the obligations hereinabove set out, and agree to pay same as soon as I possibly can. The indebtedness above mentioned are my own personal obligations, and no one else is responsible therefor."

Plaintiff relies for reversal upon alleged erroneous instructions given by the court to the jury.

The record discloses that one of the issues involved in the case was as to whether the letter above referred to operated to release and discharge defendant as guarantor. The instructions are criticised only insofar as they relate to this issue. Plaintiff does not contend that the evidence was insufficient upon which to submit this issue to the jury. In fact, instruction No. 4, covering this issue, which we shall hereinafter refer to, was given substantially as requested by plaintiff. It is, however, contended that the instructions covering this issue are so inconsistent, contradictory, and confusing that the jury could not determine which one to follow and that the court therefore committed reversible error in giving these instructions. The court in instruction No. 3 defines an account stated and then informs the jury that such an account stated becomes a new obligation and takes the place of the prior obligation, and further informs the jury that a material alteration or change in the original obligation without the knowledge or consent of guarantor exonerates the guarantor. In the first paragraph of instruction No. 4 the jury is told that unless it found that the letter written by Mr. Sewell to Davis changed or altered the position of defendant or in some material way changed or altered her original obligation, such letter would not be sufficient to release her and she would still be liable on the note. In the second paragraph of this instruction the jury is told that the letter signed by Sewell would not bind plaintiff unless he accepted and acted upon such letter.

In instruction No. 7 the jury is told that if defendant executed the written contract of guaranty to answer for the debts or default of Sewell and plaintiff sustained a loss such as the contract protected him against, and that plaintiff did not release or exonerate defendant from such contract by any acceptance or action on his part amounting to an acceptance of the letter, then the verdict should be for the plaintiff.

In instruction No. 8 the jury is charged that if defendant did not execute the written contract relied upon by plaintiff or if the note and contract of guaranty, if any, were given only for the purpose of a bond to guarantee to the plaintiff that C. M. Sewell would account to the plaintiff for any collection made on notes endorsed to the plaintiff by Sewell, or if they found that the written contract had been executed and that plaintiff accepted and acted upon the accounts stated in the letter from Sewell thereby relieving her from any liability, if any, on her original contract, then, in either three of such events, the verdict should be for the defendant.

It is the contention of plaintiff that instructions Nos. 7 and 8 contradicted instructions Nos. 3 and 4, and that the jury is advised in instructions Nos. 7 and 8 that if plaintiff accepted and acted upon the letter from Mr. Sewell, even though such letter in no way changed the original obligation for which defendant was liable, still such act on the part of plaintiff would release and discharge defendant; that the instructions were inconsistent and confusing; that it was impossible for the jury to determine which one of such instructions to follow. We do not agree. While instructions 7 and 8 standing alone may be somewhat inaccurate, when they are considered in connection with instructions Nos. 3 and 4, this in-

accuracy is removed. In instructions 7 and 8 the court in effect tells the jury that if plaintiff accepted and acted upon the letter written by Sewell and thereby released and exonerated defendant, plaintiff could not recover. The court, however, in instructions 3 and 4 clearly and distinctly informs the jury as to the circumstances necessary to exist in order that the acceptance of such letter might operate to exonerate and release defendant. When these instructions are considered as a whole, we do not think they are so contradictory and confusing as to require a reversal of the judgment. Hazelrigg v. Harvey, 191 Okla. 648, 132 P. 2d 650.

The judgment is affirmed.

GIBSON, C.J., HURST, V.C.J., and RILEY, BAYLESS, WELCH, and DAVISON, JJ., concur.