Tommy Lee STILLS, Plaintiff in Error,

v.

O. D. "Jock" MAYOR and the City of Pryor Creek, Oklahoma, Defendants in Error.

No. 41612.

Supreme Court of Oklahoma.
March 5, 1968.

Carl W. Longmire, Pryor, Earl Youree, Wagoner, for plaintiff in error.

Luke A. Wilkerson, Pryor, for defendant in error.

JACKSON, Chief Justice.

In the trial court, plaintiff Tommy Lee Stills sued O. D. "Jock" Mayor and the City of Pryor Creek, Oklahoma, for damages for personal injuries suffered in an explosion and fire in a building called the "old jail" in Pryor, Oklahoma. Plaintiff was living in the building at the time of the explosion as the tenant of Mayor, who had purchased it from the defendant City.

Mayor's demurrer following plaintiff's opening statement was sustained, and the action as against him was dismissed, but he was permitted to file a "cross petition" against the City in an effort to recover for damages to his building. The parties will be referred to hereinafter by name, or as plaintiff, cross petitioner, and defendant, respectively. Of course Mayor is not really a "cross petitioner" as that term is ordinarily used.

The defendant City purchased the real estate concerned in 1905. At that time there was a buried three inch intermediate pressure natural gas pipe line running across it. In 1943 the City built the building involved for use as a jail. The concrete footings and foundation of this building were "poured" around the three inch gas line, which ran under the building. The floor, walls and ceiling of the building were of reinforced poured concrete and the windows were small. It was described as a "tight" building. In 1960 the City sold the building to cross petitioner Mayor and in 1963 plaintiff Stills and his wife moved into it as the tenants of Mayor. One large gas stove was used to heat the entire three room building. It was designed to be vented, but was not vented.

At the time of the explosion, and for many years prior thereto, the City had owned and operated its own natural gas distribution system.

Early on January 15, 1964, plaintiff Stills and his wife left the building when she went to work at a local laundry. They left the

fire burning and the windows and doors all closed.

No one entered or left the building during the day. About 4:30 that afternoon Stills returned. He testified that "when I opened the door to walk in it blowed me back out and that was the last thing I knowed". He was severely injured.

It was the theory of plaintiff that the explosion and fire were caused by gas escaping from the old gas line under the building, and defendant City was charged with negligence in building the "old jail" over the gas line, in failing to properly inspect and maintain the line, and in other particulars.

It was the theory of the City that during the day the burning gas fire had exhausted the supply of oxygen in the tightly closed building and had gone out; that thereafter the building filled with gas from the heater; that when Stills returned he opened the door and permitted a fresh supply of oxygen to enter the building; that thereafter in some fashion the gas was lighted, causing the explosion. There was evidence that there was a broken "spring type" electric light switch near the door, which was described by an expert witness as a "perfect detonator". Under the City's theory, Stills either "flipped" this switch, or went over to the stove and tried to light the fire.

There was at least circumstantial evidence in support of both theories. Both plaintiff and defendant used qualified expert witnesses. Since the sufficiency of the evidence to support the verdict is not directly attacked, no further summary of the evidence is required.

The jury returned a verdict in regular form for the defendant, City of Pryor, signed by the foreman. To this verdict was added, in the foreman's handwriting, the following language:

"We, the jury, find the plaintiff, defendant and cross-petitioner are all guilty of contributory negligence therefore we find for the City of Pryor.

Foreman

/s/ Herman Elliott".

The entire verdict, including the handwritten part, was read and upon plaintiff's request the members of the jury were polled and each one verified the verdict. The form and substance of this verdict are not challenged.

Only plaintiff Stills appeals, and he argues eighteen propositions in his brief.

■ The first is that the court erred in overruling his motion for new trial upon the ground of newly discovered evidence. Attached to the motion was the affidavit of Mr. C., who had not testified at the trial, to the effect that at the time of the explosion he was working in a filling station next door; that he was watching plaintiff Stills and that "he had just opened the door but had not gone inside when an explosion occurred". It is obvious that this testimony is substantially the same as, and cumulative of, plaintiff's own testimony that "when I opened the door to walk in it blowed me back". The same may be said of the testimony of Mr. H., which was also offered as newly discovered evidence at the hearing on the motion for new trial. After a careful examination of the evidence offered, we cannot say that it would probably change the result of the trial. It is well settled that newly discovered evidence which is merely cumulative to dence produced at the trial is not a proper basis for a new trial, and that it is not an abuse of discretion to overrule a motion for new trial based upon such evidence. Johnston v. Woodard, Okl., 376 P.2d 602.

■ Plaintiff's second proposition is that the court erred in giving instructions defining the term "ordinary care" for the reason that, under the facts in this case, the City was required to use a high degree of care in its handling of natural gas. In this connection, we note that the court did give an instruction requiring of the City a high degree of care in the operation of its natural gas distribution business. However, the court also gave instructions on contributory negligence which used the term "ordinary care", as to which plaintiff

makes no complaint. It was therefore proper for him to define this term for the jury. 53 Am.Jur. Trial, Sec. 630; 88 C.J.S. Trial § 318.

In his third proposition, plaintiff argues that the court erred in giving an instruction to the effect that " * * * should you find from a preponderance of the evidence that plaintiff and/or cross petitioner was guilty of contributory negligence or that the negligence of the defendant and/or cross petitioner was not the cause of the injuries and damages to the plaintiff and/or cross petitioner then in either event of said latter events your verdict should be for the defendant".

■■ We agree with plaintiff that the instruction is confusing and seems to "tie" plaintiff and cross petitioner together in this case, so that contributory negligence by one would bar a recovery by the other, and if no other instruction covering the subject matter had been given, reversible error might have been the result. However, in instruction number one, the trial court in five separate paragraphs clearly and explicitly covered all possible combinations of findings of negligence and contributory negligence (and the lack of either or both). It is elementary that jury instructions are to be read as a whole and that if when so read they fairly submit the issues to the jury the verdict will not be disturbed. Davis v. Curry, 196 Okl. 577, 167 P.2d 73. Additionally, under the peculiar verdict returned in this case, the basis of the jury's finding is not left to speculation and it cannot be said that plaintiff was prejudiced by the instruction complained of. The jury clearly and explicitly found plaintiff, cross petitioner and defendant all guilty of "contributory negligence", thus making the verdict for defendant proper. For another case in which we considered a voluntary statement added by the jury to the form of verdict furnished by the court, see Burkett v. Moran, Okl., 410 P.2d 876.

Plaintiff's propositions four through seven are all based upon the argument that an instruction upon the doctrine of res ipsa loquitur should have been given in this case.

Plaintiff tacitly concedes that since he produced evidence as to several of the specific acts of negligence he alleged, no instruction on this doctrine was needed as to them. He insists, however, that on the precise question of what caused the alleged leak in the gas pipe line under the "old jail", he was entitled to the res ipsa loquitur instruction, since the gas line was under the exclusive possession and control of the defendant City. In support of this argument he cites Guilford v. Foster & Davis, 131 Okl. 148, 268 P. 299, to the effect that the doctrine of res ipsa loquitur may be applied to a part of a case, although other parts may be capable of proof by direct evidence. On this question, see also Ramsey Oil Co. v. Dunbar, 172 Okl. 571, 46 P.2d 535, and E. S. Billington Lumber Co. v. Cheatham, 181 Okl. 402, 74 P.2d 120.

■ We are of the view that the trial court did not err in refusing to give an instruction on res ipsa loquitur. In the instant case there is evidence from which the jury could have concluded there was a leak in the defendant's three inch line under the building. There is testimony from which the jury could have concluded that gas was escaping from plaintiff's stove and that the fire in the stove went out because of a lack of oxygen. The explosion undoubtedly was caused by an explosion of gas. But the evidence as to whose gas caused the explosion is not conclusive. That is, defendant's escaping gas, or plaintiff's escaping gas. In Champlin Refining Co. v. George, 182 Okl. 118, 76 P.2d 895, we said:

"However, before this doctrine (of res ipsa loquitur) could be invoked it was necessary for plaintiff to establish as preliminary propositions what 'thing' caused the injury and that the 'thing' causing the injury was under the control of the defendants or its servants."

Plaintiff's eighth proposition is that the court erred in answering, in writing, a

question submitted in writing by the jury after it had retired to deliberate. The question and answer were as follows:

"Q. Can we find that the plaintiff is partly negligent and also the defendant partly negligent?

"A. Yes. In this connection I call your attention that you must consider all of the instructions as a whole but in regard to your question I call your attention to Instruction No. 1."

We agree with plaintiff that this was a technical violation of 12 O.S.1961, Sec. 582, which provides that if the jury desire additional instructions or information, they shall be conducted to the courtroom and receive it there, in the presence of, or after notice to, counsel. However, we have held in effect that a strict compliance with this section is not required and that no judgment will be reversed unless the substantial rights of an adverse party are affected. See Sowers v. May, Okl., 338 P.2d 160; Oklahoma City v. Collins-Dietz-Morris Co., 183 Okl. 264, 79 P.2d 791.

We cannot say that the substantial rights of plaintiff were prejudiced in this case. The direction to consider the instructions as a whole was proper. The reference to Instruction Number 1 did not have the effect of unduly emphasizing the defense theory of the case because, as we have previously noted, that instruction contained separate paragraphs covering all possible combinations of findings on negligence and contributory negligence.

In proposition nine, plaintiff argues that the court erred in giving an instruction to the effect that where the break in the pipe line " * * * is caused *not by the negligence of the City* of Pryor Creek but by the act of a third person or through natural causes and *where the city has used due care in inspecting its pipes* to discover defects therein, liability does not attach until the City has had notice of the defect or break in its pipe and a reasonable time to repair" (emphasis supplied). In this case, the pleadings raised issues as to the alleged lack of care of the City in failing

to properly inspect and maintain its pipe line, and evidence was addressed to those issues by both plaintiff and defendant. There was also evidence under which the jury might have found that the break was caused by "natural causes" (the age of the pipe, rust, corrosion, deterioration) despite the City's use of an adequate inspection and maintenance system. We think the instruction quoted above was proper under the pleadings and evidence. In any event, in view of the jury's affirmative finding of negligence on the part of the defendant City, we cannot say that plaintiff was prejudiced by this instruction.

Plaintiff also objects to the use of the phrase "due care" in the quoted instruction. The argument in his brief is based upon the premise that "due care" and "ordinary care" are synonymous terms, and the objection is that in this case, defendant City had a duty to exercise a high degree of care in the operation of its natural gas distribution system. We do not agree that the terms are necessarily synonymous. In Texas Co. v. Robb, 88 Okl. 150, 212 P. 318, this court said that due care " * * * means care which is reasonably commensurate with a known danger and the seriousness of the consequences which are liable to follow its omission". It is obvious that under this definition, which we believe to be in accord with the sense in which this term is ordinarily used by laymen, due care may be either ordinary care or a high degree of care, according to the circumstances of the particular case. In view of the fact that in another instruction, the court in plain and unambiguous language told the jury that defendant City was required to exercise a high degree of care, we do not believe the jury was misled, and we hold that the court did not err in using this term in the quoted instruction.

In proposition ten, plaintiff objects to an instruction in which the court defined "actual notice" and "constructive notice". The argument is not that the definitions were incorrect, but that it was error to

give any instruction at all upon the subject of notice in this case. We have previously disposed of that argument in our discussion of plaintiff's proposition nine.

■ In proposition eleven, plaintiff objects to the court's failure to give an instruction requested by plaintiff, which would have told the jury, among other things, that " * * * Tommy Lee Stills was not contributorily negligent as herein defined". It was not error to refuse to give this instruction. Oklahoma Constitution, Article XXIII, Sec. 6.

■ In propositions twelve through fourteen plaintiff argues that the court erred in failing to give three instructions requested by him. Requested Instruction Nos. 12 & 13 would have constituted findings of fact; and the issues referred to in Requested Instructions Nos. 12, 13, and 14 were adequately covered by other instructions given by the court. Additionally no convincing authority or argument is given in support of these propositions and they will not be given further consideration. Polson v. Pirtle, 173 Okl. 594, 49 P.2d 531.

■ In proposition fifteen, plaintiff complains that the court erred in admitting evidence by the Superintendent of Utilities of defendant City as to the "general habits of carefulness in inspecting and laying of pipe" of the defendant City. However, the quoted phrase does not correctly characterize the testimony which plaintiff complains of, which is set out in his brief. This witness outlined the system of inspections followed by the City, and he made no reference to "general habits of carefulness". The question of whether the City adequately inspected and maintained its lines was an issue in the case and plaintiff himself had earlier introduced evidence upon the same subject. Thereafter, at the request of plaintiff, the court instructed the jury that the City " * * * must maintain such a system of inspection as will insure reasonable promptness in the detection of leaks that may occur from the deterioration of the material of the pipes * * *". We hold that the court did not err in admitting this testimony.

■ In proposition sixteen plaintiff complains of the court's definition of contributory negligence. The court defined contributory negligence, in part, as "any act or omission on the part of the plaintiff which amounts to want of ordinary care on his part—." Plaintiff contends that the court should have given his requested instruction which would have further defined "ordinary care" on the part of plaintiff, as follows:

"Want of care as used in this instruction means the lack of care that might be expected from a person of Tommy Lee Still's age, intelligence and experience at the time of the injury."

In this connection the evidence showed that plaintiff was twenty-nine years of age, was unable to read and write, had gone to the fifth grade in school, but had stayed in one grade more than one year.

Plaintiff invites attention to Noel v. McCaig, 174 Kan. 677, 258 P.2d 234 and 33 Am.Jur. Negligence, Sections 37 and 201.

We have found no Oklahoma decision where specific consideration was given to the question where the plaintiff was an adult man. Midland Valley R. Co. v. White, 109 Okl. 60, 234 P. 762, involved contributory negligence of a fourteen year old boy. Bucktrot v. Partridge, 130 Okl. 122, 265 P. 768, involved contributory negligence of a seventeen year old girl.

25 O.S. 1961, Sec. 3, provides that there are three degrees of care and diligence, namely, slight, ordinary and great. 25 O.S. 1961, Sec. 4, defines ordinary care or diligence as that care which persons of ordinary prudence usually exercise about their own affairs of ordinary importance. In 25 O.S.1961, Sec. 6, ordinary negligence is defined as the want of ordinary care and diligence. 76 O.S. 1961, Sec. 5 (76 O.S. Supp. 1963, Sec. 5), provides in substance that everyone is responsible for an injury to another "by his want of ordinary care" except so far as the other "by want of

ordinary care, brought the injury upon himself". We have found no specific statutory definition of contributory negligence.

Considering the foregoing statutory definitions and provisions and the absence of persuasive authority from this jurisdiction, we are unable to conclude that there is merit in plaintiff's proposition No. sixteen.

We have given very careful consideration to plaintiff's propositions seventeen and eighteen and the arguments in support thereof, and are of the view that the matters complained of were not sufficiently prejudicial to justify a new trial.

The judgment of the trial court is affirmed.

IRWIN, V. C. J., and DAVISON, WILLIAMS, BLACKBIRD, BERRY, LAVENDER and McINERNEY, JJ., concur.

HODGES, J., concurs in result.