KIOWA COUNTY BANK, *a Corporation,* v. THE HOBART ICE
AND COAL COMPANY.

(Filed February 14, 1907.)

**APPEAL AND ERROR—Case Made—Evidence.** In order to warrant
this court to reviewing any question dependent upon the testi-
mony in a cause for its correct determination, the case must
contains the recital or averment, that it contains all the evidence
introduced upon the trial of the cause. No substitute for this
averment which is uncertain in meaning and susceptible of dif-
ferent interpretations will be accepted.

(Syllabus by the Court.)

*Error from the District Court of Kiowa County; before
John L. Pancoast. Trial Judge.*

*Ransom & Bailey* and *O. B. Reigel,* for plaintiff in error.

No appearance for defendant in error.

Opinion of the court by

BURFORD, C. J.: This cause is presented by petition in
error and case made. The cause was commenced before a
justice of the peace and went by appeal to the district court
of Kiowa county. The cause was there tried to the court
without the intervention of a jury, and judgment rendered
in favor of the defendant in error, the Hobart Ice and Coal
Co., against the Kiowa County Bank, plaintiff in error, for
the sum of $74.35 and costs. The bank appealed. The
defendant in error has filed no brief.

The alleged errors assigned by plaintiff in error require an examination of the evidence in order to correctly determine them. The case contains no averment that the evidence incorporated therein constitutes all the evidence introduced on the trial of the cause. In the absence of such recital this court will not examine into questions which require an examination of the evidence in order to properly determine them. This case, after reciting certain proceedings and setting out the testimony and copies of writings introduced, contains this statement: "No further or other evidence was offered or introduced." This is not equivalent to the averment that the case contains all the evidence introduced on the trial of the cause. The statement referred to *supra* is indefinite in its application and uncertain in its meaning. It may apply to the last item or instrument introduced prior to the statement, or it may apply to the whole case; we will not undertake to interpret its meaning. It fails to comply with the rule which we have consistently adhered to and which leaves no room for doubt or uncertainty. *Sawyer Lumber Co. v. Champlin Lumber Co.* 16 Okla. 90; *Crossly, et al. v. Couch,* 15 Okla. 622; *Rogers v. Brown,* 15 Okla. 524; *Refs v. Gray,* 15 Okla. 484; *Garretson v. Witherspoon,* 15 Okla. 473; *Hanover Bank v. Henke,* 15 Okla. 631; *Exendine v. Goldstine.* 14 Okla. 100; *Frame v. Ryel,* 14 Okla. 536.

From an examination of the record it appears that the judgment is probably correct and that no injustice has been done. The objections urged are purely technical questions of law and none go to the merits of the controversy.

The judgment of the district court of Kiowa county is affirmed, at the costs of plaintiff in error.

Pancoast, J., who presided in the court below, not sitting; all the other Justices concurring.