## OSAGE MERCANTILE CO. et al. v. HARRIS.

No. 5494. Opinion Filed October 19, 1915.

Rehearing Denied November 2, 1915.

(152 Pac. 408.)

1. NEW TRIAL—Grounds—Oral Instructions. After this cause had been submitted to the jury, and during the time of their deliberations upon the evidence, and before a verdict was found, the judge of the trial court trying said cause was called into the jury room, and in the presence of said jury was asked for further and additional instructions, and, without giving notice to plaintiff or his attorney, or either of them, and in their absence, did then and there orally instruct said jury in said cause, and said oral instructions were not preserved in any manner, and were not made a part of the record in the case. **Held,** that such action of the trial court entitled plaintiff, under section 5033, Rev. Laws 1910, to a new trial, and such trial judge did not err in granting a new trial in this case.

2. APPEAL AND ERROR—Ground for Reversal—Granting New Trial. An order of a trial court, granting a new trial, will not be reversed, unless it can be seen that the trial court erred with respect to some pure, simple, and unmixed question of law, and such error resulted in injury.

(Syllabus by Collier, C.)

*Error from County Court, Osage County;*
*Chas. E. King, Judge.*

Action by C. L. Harris against the Osage Mercantile Company and another. Judgment for defendants, and from an order granting a new trial they bring error. Affirmed.

*Horsley, Peters & Walton,* for plaintiffs in error.

*Gray & Miller* and *Elmer J. Black,* for defendant in error.

Opinion by COLLIER, C. This is an action to recover damages for the conversion of property by its sale under execution; the property sold being claimed as exempt from sale under execution to the defendant in error. The case was tried to a jury, and resulted in a verdict in favor of plaintiffs in error. Motion was made for a new trial, which was granted, to which the plaintiffs in error duly excepted. This appeal is prosecuted to reverse said order granting a new trial.

There are several errors assigned, but we hold that the only error we should consider is whether or not the trial court erred in granting a new trial. In support of the motion for new trial, plaintiff below filed an affidavit, against which no counter affidavit was filed, which, among other things, sets up:

"On information and belief, affiant says that after the above-entitled cause had been submitted to the jury, and during the time of their deliberation upon the evidence, and before a verdict was found, Hon. Chas. E. King, the judge of said court, was called into the jury room and into the presence of said jury, said judge was asked for further and additional instructions, and, without giving notice to the plaintiff or his attorneys, or either of them, the said Chas. E. King, judge of said court, did then and

there, in the presence of the jury, but in the absence of the plaintiff and his attorneys, orally instruct said jury, and that said oral instructions were not made a part of the record in this case, and that, soon after said jury had returned to their deliberations, a verdict was rendered in favor of said defendants."

Section 5007, Rev. Laws 1910, provides:

"After the jury have retired for deliberation, if there be a disagreement between them as to any part of the testimony, or if they desire to be informed as to any part of the law arising in the case, they may request the officer to conduct them to the court, where the information on the point of law shall be given in writing, and the court may give its recollections as to the testimony on the point in dispute, or cause the same to be read by the stenographer, in the presence of, or after notice to, the parties or their counsel."

It follows that the court erred in further instructing the jury while the jury was deliberating, and in the absence of the parties or their attorneys, and this fully supports the action of the court in granting a new trial.

Section 5033, Rev. Laws 1910, provides:

"A new trial is a re-examination in the same court, of an issue of fact, after a verdict by a jury, the approval of the report of a referee, or a decision by the court. The former verdict, report or decision shall be vacated, and a new trial granted, on the application of the party aggrieved, for any of the following causes, affecting materially the substantial rights of such party:

"First. Irregularity in the proceedings of the court, jury, referee, or prevailing party, or any order of the court or referee, or abuse of discretion, by which the party was prevented from having a fair trial. * * *"

Again, an order of a trial court, granting a new trial, will not be reversed, unless it can be seen that the trial

court erred with respect to some pure and unmixed question of law, and such error has resulted in injury. *Trower v. Roberts,* 17 Okla. 641, 89 Pac. 1113; *Duncan v. Mc-Alester-Choctaw Coal Co.,* 27 Okla. 427, 112 Pac. 982; *Lovejoy et al. v. Stutsman et al.,* 46 Okla. 122, 148 Pac. 175.

Upon a careful examination of the record herein, we are unable to see that the trial court, beyond all reasonable doubt, has manifestly and materially erred with respect to some pure, simple, and unmixed question of law; and the judgment of the trial court should therefore be affirmed.

By the Court: It is so ordered