Note.—See under (1) 6 C. J. p. 688, §212; anno. 21 L. R. A. 366; 2 A. L. R. 844; 2 R. C. L. p. 1036; 1 R. C. L. Supp. p. 683; 4 R. C. L. Supp. p. 134. (2) 27 C. J. p. 50, §181; p. 65, §200; 12 R. C. L. p. 429; 2 R. C. L. Supp. p. 1427; 4 R. C. L. Supp. p. 758; 6 R. C. L. Supp. p. 707. (3) 4 C. J. p. 660, §3553; p. 1040, §3025; 21 C. J. p. 594, §735. (4) 9 C. J. p. 1256, §195; 18 C. J. p. 447, §554.

---

### ROARK et al. v. McCUTCHAN.

No. 17657. Opinion Filed Dec. 13, 1927.

(Syllabus.)

1. **New Trial—Misconduct of Judge in Jury Room as Ground—Party Held "Unavoidably Prevented" from Filing Motion Within Three Days.**

Though a party to an action saw the trial judge enter the room where the jury was deliberating upon their verdict, and he and the attorney then representing him used due diligence thereafter to ascertain the full facts, but did not learn until more than three days after the verdict was returned sufficient facts as to what occurred while the judge was in the room to entitle the party to a new trial, held that, where such party files his motion for new trial immediately after receiving the latter information, the motion should be considered by the court, for the reason that such party was unavoidably prevented from filing the motion within time, within the meaning of section 574, C. O. S. 1921.

2. **Same—Action of Court in Orally Instructing Jury in Absence of Party as Ground for New Trial.**

After this cause had been submitted to the jury, and during the time of their deliberation upon the evidence and before a verdict was found, the trial judge was called into the room where said jury was deliberating, and without giving notice to defendants or their attorney, and in the absence of each of them, said judge then and there in said cause orally instructed the jury; held, that such action of the trial judge entitled the defendant under section 546, C. O. S. 1921, to a new trial.

Commissioners' Opinion, Division No. 1.

Error from Court of Common Pleas, Tulsa County; Gerald F. O'Brien, Judge.

Action by J. W. McCutchan against O. P. Roark et al. Judgment for plaintiff, and defendants appeal. Reversed and remanded, with directions.

Geo. B. Forrester, for plaintiffs in error.

E. M. Conner, for defendant in error.

REID, C. This action was brought by plaintiff to recover the balance due on a promissory note given by defendants to plaintiff for dental services. The defendants attempted to defeat recovery on the ground that the dental work was faulty, unsatisfactory, and not as warranted by the plaintiff.

The case was tried to a jury on the 20th day of January, 1926. Verdict was returned for the plaintiff and judgment thereon entered on the same date. On the 4th day of February, 1926, the defendants filed a motion for new trial, and upon consideration of the matter, the court refused to consider the motion and struck the same from the record. From this order the defendants appealed to this court.

The motion for new trial in this case was not filed until the 4th day of February, 1926. Section 574, C. O. S. 1921, governing this question is as follows:

"The application for a new trial must be made at the term the verdict, report or decision is rendered, and, except for the cause of newly discovered evidence, material for the party applying, which he could not, with reasonable diligence, have discovered and produced at the trial, or impossibility of making a case-made, shall be within three days after the verdict or decision was rendered, unless unavoidably prevented."

In order to relieve themselves from the foregoing section requiring the motion to be filed within three days, the defendants were required to show that they were unavoidably prevented from filing it within said time.

Under the evidence presented on the hearing of the motion for new trial, it is clear that one of the defendants knew that the trial judge entered the room where the jury

was deliberating at the request of the jury, but we think the evidence was sufficient to show that neither of the defendants, nor their counsel, knew, though they and counsel then representing them used diligence, that the judge had, while in the jury room, orally, or otherwise, given to the jury his interpretation of the written charge, until the night previous to filing the motion for new trial, at which time one of the defendants learned the full facts. The fact that counsel then representing defendants did not feel that the information he obtained, while investigating the matter within three days after the verdict, was sufficient to authorize him to file motion for new trial, is strongly persuasive that he was not able to ascertain the full facts.

With this view of the record we hold that the defendants were unavoidably prevented from filing the motion within the meaning of section 574, supra, and that the trial court erred in refusing to consider it

The question presented in the motion for new trial and urged on this appeal, is explained by the statement made by the trial judge in striking from the files the motion for new trial, as follows:

"Let the record show in the case of Mc-Cutchan v. Roark that upon the completion of the trial and for the purpose of saving time and causing less inconvenience to the jurors, the court room was turned into a jury room; all persons therein left or vacated same to the jury and the jury turned over to the bailiff, who took his post at the doorway of the said room; and thereafter upon advice from the bailiff that the jury was tied up and desired further explanation, the court re-entered the jury room, which was the court room, and read a written instruction, telling the jurors that it meant just what it said, to wit, that the sole question for them to determine was whether or not the particular work complained of was done in a workmanlike manner at the time it was performed, and if the jurors found that it was done in a workmanlike manner their verdict should be for the plaintiff, and if it wasn't done in a workmanlike manner their verdict should be for the defendant; that the court, prior to entering the jury room, looked around and searched for the attorneys and parties in the case, and upon learning that the attorneys had left the courthouse, and on being unable to see the parties litigant, went into the court room alone. The motion will be stricken, for the reason that the same was not filed within three days; the court refuses to assume jurisdiction and strikes the motion from the record."

The duty of the trial court under the situation disclosed in the foregoing statement is fully defined in section 546, C. O. S. 1921, which is as follows:

"After the jury have retired for deliberation, if there be a disagreement between them as to any part of the testimony, or if they desire to be informed as to any part of the law arising in the case, they may request the officer to conduct them to the court, where the information on the point of law shall be given in writing, and the court may give its recollections as to the testimony on the point in dispute, or cause the same to be read by the stenographer, in the presence of, or after notice to, the parties or their counsel."

In the case of Osage Mercantile Co. v. Harhis, 52 Okla. 78, 152 Pac. 408, the trial court granted a motion for new trial under circumstances similar to those presented here, and the plaintiff appealed and assigned as error the act of the court in so doing. This court then said:

"After this cause had been submitted to the jury, and during the time of their deliberations upon the evidence, and before a verdict was found, the judge of the trial court trying said cause was called into the jury room, and in the presence of said jury was asked for further and additional instructions, and, without giving notice to plaintiff or his attorney, or either of them, and in their absence, did then and there orally instruct said jury in said cause, and said oral instructions were not preserved in any manner, and were not made a part of the record in the case. Held, that such action of the trial court, entitled plaintiff, under section 5033, Rev. Laws 1910, to a new trial, and such trial judge did not err in granting a new trial in this case."

We have a plain mandatory statute of this state for the guidance of trial courts under the conditions presented by the court's statement in this case, and this court will not encourage any departure from the procedure so clearly defined by such statute.

The judgment should be reversed with directions to the trial court to reinstate the motion for new trial and grant the same.

BENNETT, TEEHEE, LEACH, and FOSTER, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) 29 Cyc. p. 939; anno. 17 L. R. A. (N. S.) 610; 22 A. L. R. 261; 34 A. L. R. 104; 20 R. C. L. p. 257; 5 R. C. L. Supp. p. 1093; 6 R. C. L. Supp. p. 1200. (2) 29 Cyc. p. 811.