### KAHAN v. PURE OIL CO.

*98 P. 2d 894.*

No. 29334. Jan. 30, 1940.

Yancey, Spillers & Bush, of Tulsa, for plaintiff in error.

Crouch, Rhodes & Crowe, of Tulsa, for defendant in error.

PER CURIAM. This action was instituted by the plaintiff in error, hereafter referred to as plaintiff, against the defendant in error, hereafter referred to as defendant, to recover damages to person and property alleged to have been sustained as the result of the negligence of defendant in the operation of one of its trucks. Answer was in form a general denial and a plea of contributory negligence. Trial was had to a jury. The jury, after several hours' deliberation, reported to the court that it had been unable to reach a verdict and that it did not appear that it could agree upon one. Thereupon the court, in the absence of counsel for both parties, orally admonished the jury to deliberate further and to attempt to arrive at a just verdict in the premises. The exact remarks used by the court were not preserved and do not appear in the record. The court, however, dictated a statement of what was said to the jury, and the plaintiff in an affidavit for a new trial substantiates the same in substance. The statement as made by the trial judge was as follows:

"Gentlemen of the Jury, I want you to deliberate longer on this case. I do not want you to arrive at a compromised verdict or any man on the jury to yield his honest opinion, but it is important that you reach a verdict, if you can honestly and conscientiously do so, on the evidence and the law. I have been on the bench thirteen years and during that time, as I recall, have only had four hung juries. I had one yesterday and now you gentlemen are unable to arrive at a verdict today. I do not mean to say that indicates there is anything wrong with the panel, but it does indicate to me that you should deliberate further in this case and give it further careful consideration. Now, I want you to go back to your jury room without any personal feeling in the matter because you should have no personal feeling. It should not matter to you or to the court how this case is decided further than to see that absolute justice is done under the law and the evidence and that matters greatly to both of us. Therefore, do not permit any feeling to creep into your deliberation by virtue of the fact that you have been unable to agree upon a verdict so far but sit down and discuss carefully the evidence in this case and the instructions of the court because in every case it should be always possible to arrive at a true and correct verdict and even though men may honestly differ, if they are able to see the facts and the law in the correct light, there should be no difference in opinion but they should all arrive at the same opinion. For that reason I want you to deliberate further on this case, at least until twelve o'clock, and see if you cannot reach a verdict, but again I want to impress upon you that I do not want a compromised verdict or any man to compromise his honest convictions in this case, but rather on the other hand to insist upon his honest convictions but go into the evidence and the instructions carefully and thoroughly to ascertain whether or not it might be possible that he is wrong and the jurors who take the opposite view are right. Return to your jury room, gentlemen, and see if it is possible to arrive at a verdict."

After being thus admonished, the jury retired and deliberated for about 30 minutes further, and thereupon returned with a verdict in favor of defendant. Judgment followed the verdict. The plaintiff appeals from the judgment so entered and the order which overruled his motion for new trial. The facts are not here involved. The plaintiff relies

upon two propositions of law. The first proposition advanced is in substance that the admonition given by the court to the jury constituted an additional instruction, and being oral and in the absence of counsel, was interdicted by virtue of the provisions of section 364, O. S. 1931, 12 Okla. St. Ann. § 582, which reads as follows:

"After the jury have retired for deliberation, if there be a disagreement between them as to any part of the testimony, or if they desire to be informed as to any part of the law arising in the case, they may request the officer to conduct them to the court, where the information on the point of law shall be given in writing, and the court may give its recollections as to the testimony on the point in dispute, or cause the same to be read by the stenographer, in the presence of, or after notice to, the parties or their counsel."

If the remarks made by the court to the jury constituted an instruction within the meaning of the statute, supra, then indubitably such constituted error. See Osage Mercantile Co. v. Harris, 52 Okla. 78, 152 P. 408; Oklahoma City v. Collins-Dietz-Morris Co., 183 Okla. 264, 79 P. 2d 791. However, as said in Boggs v. United States, 10 Okla. 424, 63 P. 969:

"Under the laws of this territory the giving of oral instructions by the court to the jury, if objected to by the defendant, and when exceptions are saved thereto, is reversible error. But every communication between the court and the jury on the trial of the cause is not necessarily an instruction. Only when the statements of the court amount to a positive direction as to the law of the case will such statements be regarded as an instruction within the meaning of the statute, requiring the instruction of the court to the jury to be in writing."

It will be noted that the remarks addressed by the court to the jury in the case at bar nowhere attempt to advise the jury upon the law or the evidence, but merely call their attention to the necessity of attempting to perform the duty which rested upon them to arrive at a just decision in the cause which they had under consideration. That such language does not amount to an instruction has been the almost unanimous conclusion of the courts. See annotations in 109 A. L. R. 75. It is further generally held that the trial court has a wide and extended discretion in determining whether a mistrial should be declared or the jury required to deliberate further upon a cause before being discharged, and where such discretion is not abused, the appellate courts will not disturb the action of the trial court. We are of the opinion that in the case at bar the record fails to show any abuse of discretion by the trial court in admonishing the jury in the language employed, and that therefore the first contention advanced by the plaintiff cannot be sustained.

The final contention of plaintiff is that the court, in the instructions given, unduly emphasized the theory of the defendant. In support of this contention the plaintiff urges that throughout the instructions the court made constant and special reference to the defense of contributory negligence. The instructions were 20 in number, and an examination of the same discloses that the court used the words contributory negligence only four times, once when it told the jury that the burden of proof upon such plea was upon the defendant, and once in submitting the defendant's theory of the case, and once in defining the words, and once in connection with a special interrogatory which the jury was called upon to answer. We are of the opinion that such use of the term did not constitute any undue emphasis upon the theory of defendant and was not a charge upon the weight of the evidence. A similar situation was presented in Skaggs v. Gypsy Oil Co., 169 Okla. 209, 36 P. 2d 865, and this was the substance of the holding therein. The contentions made are without support in the record and present no error of law.

Judgment affirmed.

RILEY, GIBSON, CORN, HURST, and DANNER, JJ., concur.