**Alice SOWERS, Plaintiff in Error,**

v.

**Thomas Haller MAY, Defendant in Error.**

No. 38281.

Supreme Court of Oklahoma.

March 24, 1959.

Rehearing Denied April 21, 1959.

Fitzgerald & Houston, Stillwater, for plaintiff in error.

Monnet, Hayes, Bullis, Grubb & Thompson, Oklahoma City, for defendant in error.

IRWIN, Justice.

In the trial of an action for personal injuries filed by the plaintiff herein, after the cause was submitted to the jury, word was sent out that the jury had a question. Thereafter, the trial judge went to the door of the jury room and answered the question for the jurors out of the presence of the attorneys, and thereafter in open court the jury returned its verdict in favor of the defendant. In due time the plaintiff filed a motion for a new trial setting up irregularity in the proceedings governing the giving of an additional oral instruction or communication to the jury, out of the presence and hearing of the litigants and their attorneys after the jury had retired to consider its verdict. This is the only ground upon which reversal is asked. The parties will be referred to as they appeared in the trial court.

To get a clear picture of the events, it will be necessary to review the testimony

offered on the hearing of the motion for new trial. One of the attorneys for the plaintiff testified under oath that about two and a half hours after the jury retired, word was sent down that the jury had a question; that he and one of the defendant's attorneys met the trial judge in the hallway leading from the judge's chambers and he informed them the jury had a question and that generally such things could be handled by telling the jurors to re-read the instructions; that he didn't like to bring the jury down to the court room and if agreeable with counsel, he would find out what they wanted, or words to that effect. When the trial judge came back he asked him what the question was, and the trial judge told him the question asked was; "Would they, (the jurors) if they found for the plaintiff, have to find the defendant guilty of negligence or guilty of the law of negligence?" and that he answered, "yes", or in the affirmative; that he also told the jurors they could find the answer in the instructions and suggested they re-read them.

One of the attorneys for the defendant testified in substance on the hearing for motion for new trial that about 3:45 P. M., the jury sent out word they wanted to ask a question. That the trial judge told him and plaintiff's attorney the jury wanted to ask a question and asked if we wanted him to call the jury down or what did we want him to do; that he and plaintiff's attorney told him he should see what they wanted but neither wanted to bring the jury down. That after the trial judge returned from the jury room he told them the question was, "If we return a verdict or find for the plaintiff, will it be necessary or will we have to find the defendant guilty of negligence?" and that he told them (the jury) it would be necessary to find the defendant guilty of negligence but that they should refer to their instructions. He further testified that he could not recall any agreement of counsel that the trial judge could go ahead and answer whatever question the jury asked.

The trial judge then dictated into the record his understanding of what transpired. He stated that the evidence of both attorneys is substantially true and that it had been a practice since women are on the jury who are affected by climbing up and down the steps, and on this particular occasion upon agreement of the attorneys, he would go to the jury room and find out what the question was and answer it; that he went to the door and the foreman opened the door and he (the trial judge) stood in the hallway and the foremen asked whether or not they would have to find the defendant guilty of negligence before they could assess damages for the plaintiff, and that he did not give a direct answer but advised the foreman and other jurors that that was covered by the instructions and to read them. That no action was taken by either attorney after he returned from the jury room and advised them of what had transpired. Both attorneys testified they agreed the trial judge could go to the jury room and find out what the question was the jury wanted answered, and that was the limit of the agreement while the trial judge in his statement said he understood they agreed he could answer the question. We believe there was a misunderstanding between the attorneys and the trial judge who assumed or understood mistakenly that he was to answer the question, but we are constrained to hold that the trial judge did make the statement attributed to him, as both attorneys so testified and he said the evidence of both attorneys was substantially true. That a communication of the trial judge to the jury about any phase of the case being considered is an error has been passed on by this court. See Oklahoma City v. Collins-Dietz-Morris Co., 183 Okl. 264, 79 P.2d 791. It then becomes necessary to determine if the error was such that requires reversal of the trial court.

Plaintiff contends the action of the trial judge was improper and prejudicial as the law of Oklahoma makes specific provisions as to how a jury may receive information

after retiring, citing Title 12 O.S.1951 § 582, which provides:

"After the jury have retired for deliberation, if there be a disagreement between them as to any part of the testimony, or if they desire to be informed as to any part of the law arising in the case, they may request the officer to conduct them to the court, where the information on the point of law shall be given in writing, and the court may give its recollections as to the testimony on the point in dispute, or cause the same to be read by the stenographer in the presence of * * * their counsel."

and relies on Osage Mercantile Co. v. Harris, 52 Okl. 78, 152 P. 408, 409. This was an appeal from the granting of a new trial by a trial judge who has orally instructed the jury, in the absence of opposing counsel and the instructions were not made a part of the record, and the trial judge knew what had transpired and in his opinion it affected the substantial rights of the litigants and granted a new trial which is distinguishable from the case under consideration.

■ It does not necessarily follow in every instance, if the statute is not strictly complied with that such is reversible error as we are enjoined by statute to disregard an error or defect in the proceedings which does not affect the substantial rights of the adverse party, and no judgment shall be reversed or affected by reason of such error or defect. Title 12 O.S.1951 § 78. See Wilson v. Oklahoma Ry. Co., 207 Okl. 204, 248 P.2d 1014.

■ In Oklahoma City v. Collins-Dietz-Morris Co., supra, [183 Okl. 264, 79 P.2d 794] reversal was urged on the ground the trial court erred in making certain remarks to the jury in the absence of counsel after the submission of the case for the jury and we said:

"While this was technically an error on the part of the trial court and one to be carefully guarded against yet, after a careful examination of the entire record, it does not appear that it resulted in a miscarriage of justice or constituted a substantial violation of the defendant's constitutional or statutory rights. The court did not give any new instructions, but in substance merely directed the attention of the jury to instructions previously given."

The record reveals both attorneys consented to the court going to the jury room but neither consented to his answering questions. Although it was error for the trial judge to make any comment, from an examination of the entire record his affirmative answer only confirmed the instructions given and cannot be regarded as an additional instruction, and did not violate or affect the substantial rights of the parties, and is therefore harmless. The action of the trial court is therefore affirmed.

DAVISON, C. J., WILLIAMS, V. C. J., and WELCH, HALLEY, JOHNSON, BLACKBIRD and JACKSON, JJ., concur.