Helen Mathilda FORD, Plaintiff in Error,

v.

STONE TRUCKING COMPANY, an Oklahoma Corporation, Defendant in Error.

No. 41327.

Supreme Court of Oklahoma.

Oct. 10, 1967.

Rehearing Denied Jan. 9, 1968.

H. Lee Smith, Benjamin E. Stockwell, Norman, for plaintiff in error.

Kenneth N. McKinney, Duke Duvall, Oklahoma City, for defendant in error.

BERRY, Justice.

Plaintiff in error brought an action to recover damages for personal injuries, alleged to have been sustained as the result of her automobile being struck from the rear by defendant in error's truck. Trial of the case to a jury resulted in a verdict in favor of defendant in error. The appeal from the judgment entered upon the verdict involves the question of the propriety of the trial court's instructions given to the jury.

Prior to orally instructing the jury the trial court furnished counsel with copies of written instructions, including instruction No. 10, which stated:

"Therefore, you are instructed that if you find and believe by a preponderance of the evidence admitted for your consideration in this case and under these instructions that the Defendant's Driver committed any of the acts of negligence charged against him in the Plaintiff's Petition, and that such negligence was the proximate cause of the collision and resulting damage and injury to the Plaintiff and the Plaintiff herself was not negligent, that then and in that event your verdict must be for the Plaintiff and against the Defendant and you will so say by your verdict.

"However, if on the other hand you do not so find or even though you do find that the Defendant's Driver committed any of the acts of negligence charged against him if you further find that Plaintiff herself was negligent as alleged against her in the Defendant's Answer which caused or contributed to the collision, then and in that event your verdict must be for the Defendant and against the Plaintiff and you will so say by your verdict."

After the instructions had been read plaintiff's counsel advised the court this instruction was objectionable, for failure to further advise the jury that plaintiff's negligence, if any, caused, contributed to, or concurred in the accident and resulting injuries, if any, sustained by plaintiff. The trial court stated the matter was covered sufficiently by other instructions and declined to modify or alter the instruction as given. Plaintiff's objection to the instruction was overruled and exception allowed.

After closing arguments the jury retired to consider the case, at which time the original and three copies of the instructions were sent to the jury room. Following a short deliberation the jury returned the verdict in defendant's favor.

Two days thereafter plaintiff's counsel obtained a carbon copy of the instructions given the jury. While examining the court file counsel discovered the original instructions had been amended by penned interlineation. The phrase "which negligence caused or contributed to the collision" had been inserted following the language "and the Plaintiff herself was not negligent" in the first paragraph of the instruction. Upon counsel's examination of the copy of the instruction which had been obtained, it was found the amendment had been made in this copy.

Discussion of the matter disclosed the penned interlineation had been made by the trial court after reading of the instructions, but without such change being called to the attention either of counsel or the jury. Further investigation established that the amendment had been made upon the orig-

inal and two copies of the sets of instructions sent to the jury, but not upon the fourth copy which also had gone to the jury room.

The matters above noted were presented by affidavit of plaintiff's counsel and were included as a basis for motion for new trial, which was overruled. However, the trial court found the contents of counsel's affidavit, including exhibits which reflected the instruction as orally given and the amended instruction, constituted a substantial and accurate statement of the occurrences concerning the instructions.

Plaintiff seeks reversal of the judgment under the proposition:

"Instruction No. 10 as read to the jury is incorrect, inaccurate and improper; it does not correctly state the law and attempt to correct the instruction so as to accurately state the law was improperly and incompletely done, and attempted without knowledge of the parties; that the instruction as originally given and as attempted to be corrected was confusing, inconsistent, inaccurate and the plaintiff was prejudiced thereby."

A two fold argument is advanced in support of this contention. The first subdivision urges that Instruction No. 10 as given originally was an incorrect and patently inaccurate statement of the law.

In support of the judgment, defendant asserts that the rule requiring instructions to be considered as a whole applies, and that when this is done no error inhered in the instructions. Defendant also contends the amended instruction was an accurate statement of the law. Hence, although the amendment was made without counsel's knowledge, the amendment was favorable to plaintiff, and no prejudice resulted from what defendant categorizes as a technical inaccuracy.

Matters disclosed by the record involving the proceedings by which the issues were submitted to the jury necessarily must be denominated as reversible error. For this reason it is unnecessary to determine whether the questioned instruction, when considered with the other instructions as a whole, properly and accurately advised the jury upon the issue of contributory negligence.

The controlling question is whether, after having instructed a jury, a trial court may amend, alter, or change the instructions given without calling the jury into open court for new instructions, or advising the jury the instructions given have been changed, or advising counsel of changes or correction and affording opportunity to object thereto.

To support the trial court's action defendant argues the altered instruction was in plaintiff's favor although made without her knowledge, and that such action did not constitute reversible error under the rule in Price v. Rogers, 201 Okl. 678, 209 P.2d 683. The result in Rogers cannot support the trial court's action in the present appeal. The factual dissimilarity alone prevents that case from controlling the instant matter. Additionally, the instruction in Rogers was given after the jury returned to the courtroom for further instructions and in the presence of the intervenor and the defendant. Failure to advise the defendant's counsel so he could be present was categorized as irregular, but harmless error not violative of the mandatory provisions of the statutes, now 12 O.S.1961, § 582, and 22 O.S.1961, § 1068.

The general text rule applicable to the question is stated in 88 C.J.S. Trial § 325:

"It is a rule of universal application that instructions to the jury must be delivered in open court, in order that the parties may have an opportunity to know what they are, except to them if desired, and ask other explanatory instructions if deemed necessary."

In 53 Am.Jur., Trial § 535, the rule stated is that the jury must be instructed in open court and in the presence of counsel. Also see § 935, to the effect that good practice requires that additional instructions to a jury after retirement be read in open court in the presence of counsel.

Defendant also argues that this case should be affirmed upon authority of 12 O.S.1961, § 78, and 22 O.S.1961, § 1068, and the cases construing these statutes. Section 78 provides that errors in pleadings or proceedings which do not affect a substantial right are to be disregarded. Section 1068, supra, provides that no judgment shall be set aside, or new trial granted, unless it appears the error complained of results in miscarriage of justice or constitutes substantial violation of a constitutional or statutory right.

◼ The precise question does not appear to have been presented heretofore. By statute, 12 O.S.1961, § 578, a party is required to except to instructions given before the instruction as given can be reviewed on appeal. The requirement is mandatory, and failure to record an objection prevents review of the question on appeal. Henry v. Hope, Okl., 317 P.2d 239. The effect of the amendment of the instruction deprived plaintiff of the statutory right to except to the instruction as amended. Plaintiff thus was deprived of the right to preserve the question for review, which was a mandatory requirement, and at the same time constituted violation of a substantial right.

◼ The general rule is that a trial court may upon its own motion recall a jury after a cause has been submitted for the purpose of giving additional or further instructions on the law of the case when justice, or the circumstances of the case require this to be done. Finch v. American State Bank of Beggs, 97 Okl. 172, 223 P. 631; Schaff v. Daugherty, 112 Okl. 124, 239 P. 922, cert. den. 270 U.S. 642, 46 S. Ct. 208, 70 L.Ed. 776. In Finch, supra, we stated in syllabus 3:

"The trial court has the right of its own motion or on the motion of counsel to correct or modify a charge which has been given to the jury. No casual or unguarded, expression by the judge, which upon a moment's reflection he sees is wrong and corrects before the

jury, should be allowed to operate a reversal of the case."

Under the quoted rule it is plain that the trial court had a convenient means at hand for correction of Instruction No. 10, but failed to exercise this right.

◼ The related and equally important inquiry involves the method pursued by the trial court in attempting to correct an instruction given and obviously considered defective. The settled rule is that a trial court cannot communicate with the jury after submission of a cause except in open court and the presence of counsel, or at least after notice to the parties and their counsel. Osage Mercantile Co. v. Harris, 52 Okl. 78, 152 P. 408; Roark v. McCutchan, 128 Okl. 186, 261 P. 938. And compare Okla. City v. Collins-Dietz-Morris Co., 183 Okl. 264, 79 P.2d 791.

The trial court's alteration, or amendment, of the instruction already given orally before the jury retired for deliberation was equivalent to an attempt to instruct, or communicate with the jury in the absence of counsel. Following the reported case of Hrovat v. Cleveland Ry. Co., 125 Ohio St. 67, 180 N.E. 549, 84 A.L.R. 220, there is an extensive annotation upon the trial court's right to instruct or communicate with the jury in civil cases in absence of counsel. Included therein is Fillipon v. Albion Vein Slate Co., 250 U.S. 76, 39 S.Ct. 435, 63 L.Ed. 853, which was a negligence action. After the jury had been instructed and had retired for deliberation, the trial court answered a jury inquiry by furnishing a supplementary written instruction without calling the jury into open court. The plaintiff excepted to such action at the first opportunity. A verdict for defendant was affirmed by the circuit court. Certiorari was granted and the Supreme Court considered the question whether the supplementary instruction given in absence of the parties and without calling the jury in open court was error.

The argument in defense of the trial court's action was that no prejudice had re-

sulted under the circumstances; and, since plaintiff's counsel was given the right to except, he could have gained nothing more by being present. In reversing the cause the Supreme Court observed:

"We entertain no doubt that the orderly conduct of a trial by jury, essential to the proper protection of the right to be heard, entitles the parties who attend for the purpose to be present in person or by counsel at all proceedings from the time the jury is impaneled until it is discharged after rendering the verdict. Where a jury has retired to consider of their verdict, and supplementary instructions are required, either because asked for by the jury or for other reasons, they ought to be given either in the presence of counsel or after notice and an opportunity to be present; and written instructions ought not to be sent to the jury without notice to counsel and an opportunity to object.

\*    \*    \*    \*    \*    \*

"It is not correct, however, to regard the opportunity of afterwards excepting to the instruction and to the manner of giving it as equivalent to an opportunity to be present during the proceedings. To so hold would be to overlook the primary and essential function of an exception, which is to direct the mind of the trial judge to the point in which it is supposed that he has erred in law, so that he may reconsider it and change his ruling if convinced of error, and that injustice and mistrials due to inadvertent errors may thus be obviated. \*  \*  \*

"And of course in jury trials erroneous rulings are presumptively injurious, especially those embodied in instructions to the jury; and they furnish ground for reversal unless it affirmatively appears that they were harmless."

We are of the opinion the reasoning expressed above applies in the present case. The trial court had the authority to supplement the original instruction upon his own motion before permitting the jury to retire for deliberation. Finch v. American State Bank, supra. The trial court did not do this, but attempted to amend, or correct, the questioned instruction by interlineation. This was done without calling the jury's attention to this supplementary insertion, and without counsel being advised thereof or having opportunity to object and save exception to the newly given instruction. This action, being solely between the court and the jury, was as much a private communication with the jury as though the court had voluntarily entered the jury room and given supplemental instructions in the absence of the parties and without their consent. The error in trial court's action requires reversal of the judgment entered.

Judgment reversed and the case remanded for new trial.

DAVISON, BLACKBIRD, LAVENDER and McINERNEY, JJ., concur.

JACKSON, C. J., IRWIN, V. C. J., and HODGES, J., dissent.