Lawrence J. LINDEN, Sr., Appellee,

v.

**SOUTHWESTERN NATIONAL INSURANCE COMPANY, Appellant.**

No. 45785.

Supreme Court of Oklahoma.

June 11, 1974.

K. Nicholas Wilson, Monnet, Hayes, Bullis, Thompson & Edwards, Oklahoma City, for appellee.

Jack S. Dawson, Hunt & Thomas, Oklahoma City, for appellant.

DAVISON, Chief Justice:

This appeal arises in a civil action in which the appellee, Lawrence J. Linden, Sr. (plaintiff), sought a money judgment in the amount of $336.62 against the appellant, Southwestern National Insurance Company (defendant). Trial to a jury resulted in a verdict, and judgment, for the plaintiff in the amount of $336.62.

Defendant appealed. Its only allegation of error is that the trial court erred in denying its motion for a mistrial based upon the trial judge's having talked with the jurors, in the jury room, after submitting the cause to the jury, without notifying, or attempting to notify, the parties or their counsel he was going to do so.

The appeal was assigned to the Court of Appeals, Division No. 2, for decision. That court held that the motion for a mistrial should have been sustained, reversed the judgment, and remanded the cause of a new trial. Plaintiff seeks certiorari. We grant certiorari, vacate the decision of the Court of Appeals, and affirm the judgment of the trial court.

A transcript of proceedings reflects the following situation: The cause was finally submitted to the jury about 3:45 p. m. Shortly after 5:30 p. m., defendant's counsel observed the trial judge standing just inside the open doorway to the jury room, talking with the jurors, but did not hear what was being said. Immediately thereafter, in the court room, he moved the court to declare a mistrial based upon that communication with the jurors, stating that he had not been notified that the judge intended to talk with the jurors about anything. In overruling the motion for a mistrial, the court said:

"Let the record show that at half past five the Court, as is customary in such cases where there is a delayed decision by the jury advised the jury, with the door open, that they should look after their automobiles which may be parked in public parking lots because the parking lots have a custom or habit of locking up all cars at six o'clock and depositing the keys with some merchants whose address is at the present time unknown and that the only reason the Court rapped on the door and spoke to the jury with the open door was to advise them to look after their cars or they might find them unable to use them that night. * * * that was all that was said. The door was open and anybody that wanted to could have heard what the Court advised the jury."

And, counsel for the plaintiff made the following statement for the record.

"I will state that I was not notified as to any statements that were to be made

to the jury. However, I was in the outer office, the Judge was standing holding the door, he may have perhaps been inside the jury room but right at the door. That he did discuss with the jurors their possible problems concerning getting their cars out of the parking lots in the adjacent areas. I believe there was also some comment made by a juror as to how long they would stay and I believe the Judge indicated that they could stay that night until they reached a verdict or else they could come back in the morning. This, to the best of my recollection, was the nature of the discussion and incident."

Plaintiff argues that the error, if the incident constituted error, must be disregarded as harmless, under the provisions of the statute appearing as 20 O.S.1971 § 3001:

"No judgment shall be set aside or new trial granted by any appellate court of this state in any case, civil or criminal, on the ground of * * * error in any matter of pleading or procedure, unless it be the opinion of the reviewing court that the error complained of has probably resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right."

The defendant does not argue that the incident, as hereinabove outlined, probably resulted in a miscarriage of justice, or point out any provision of the federal or state constitution providing any right that was violated thereby. Apparently, there are only three Oklahoma statutes concerning the matter of communicating with a jury, or jurors, after the cause has been submitted to the jury. They are 12 O.S.1971 §§ 580, 581, and 582. All of them appear now as they did in the Revised Laws of 1910. They provide, respectively, as follows:

"When the case is finally submitted to the jury, they may decide in court or retire for deliberation. If they retire, they must be kept together, in some convenient place, under charge of an officer, until they agree upon a verdict or be dis-charged by the court, subject to the discretion of the court, to permit them to separate temporarily at night, and at their meals. The officer having them under his charge shall not suffer any communication to be made to them, or make any himself, except to ask them if they are agreed upon their verdict, *unless by order of the court*; and he shall not, before their verdict is rendered, communicate to any person the state of their deliberations, or the verdict agreed upon."

(Emphasis supplied)

"If the jury are permitted to separate, either during the trial or after the case is submitted to them, they shall be admonished by the court that it is their duty not to converse with, or suffer themselves to be addressed by, any other person, *on any subject of the trial,* and that it is their duty not to form or express an opinion thereon, until the case is finally submitted to them."

(Emphasis supplied)

"After the jury have retired for deliberation, if there be a disagreement between them as to any part of the testimony, or if they desire to be informed as to any part of the law arising in the case, they may request the officer to conduct them to the court, where the information on the point of law shall be given in writing, and the court may give its recollections as to the testimony on the point in dispute, or cause the same to be read by the stenographer *in the presence of, or after notice to, the parties or their counsel."*

(Emphasis supplied)

It is to be noted that Section 582 is the only one of the three statutes which even mentions "in the presence of, or after notice to, the parties or their counsel," or comparable language, or which requires that the communication with the jurors take place in the court room. It is concerned only with the giving of certain information relating to the case being considered by the jury, that is, a point of law

arising in the case (which information must be given in writing) and testimony as to which there is a disagreement among the jurors.

The defendant relies upon the following language in Ford v. Stone Trucking Company, Okl., 435 P.2d 565, 568:

"* * * The settled rule is that a trial court cannot communicate with the jury after submission of a cause except in open court and the presence of counsel, or at least after notice to the parties and their counsel. Osage Mercantile Co. v. Harris, 52 Okl. 78, 152 P. 408; Roark v. McCutchan, 128 Okl. 186, 261 P. 938. And compare Okla. City v. Collins-Dietz-Morris Co., 183 Okl. 264, 79 P.2d 791."

The fact situation in that case is indicated in the third paragraph of the syllabus:

"A trial court's action in amending by interlineation an instruction already given orally, and in sending copies of both the amended instruction and the original instruction to the jury without notice to the jury, or to the parties, and without counsel having knowledge or opportunity to object was erroneous and required reversal of the cause for new trial."

And, in the body of the opinion (page 568), this court said:

"* * * By statute, 12 O.S.1961, § 578, a party is required to except to instructions given before the instruction as given can be reviewed on appeal. The requirement is mandatory, and failure to record an objection prevents review of the question on appeal. Henry v. Hope, Okl., 317 P.2d 239. The effect of the amendment of the instruction deprived plaintiff of *the statutory right to except to the instruction* as amended. Plaintiff thus was deprived of the right to preserve the question for review, which was a mandatory requirement, and at the same time constituted violation of a substantial right."

(Emphasis supplied)

Obviously, Ford v. Stone Trucking Company involved the statute now appearing as 12 O.S.1971 § 582 and a clear violation thereof by the court's giving of an additional or supplemental instruction to the jury, not in writing and not in court, and without notifying, or attempting to notify, the parties or their counsel of an intent to do so. It also is obvious that the result in that case is really based upon the resulting substantial violation of the parties' right, under the statute now appearing as 12 O. S.1971 § 578, to except to the giving of a particular instruction to the jury as a mandatory prerequisite to a review of the instruction as given. We agree that the opinion in the above cited case was correct, but distinguishable under the facts in the present case.

The giving of an instruction, or additional or supplemental instruction to the jury is not involved in the present case, so neither Section 582 nor Section 578, nor the parties' substantial right under Section 578, is involved. Consequently, the rule in Ford v. Stone Trucking Company, relied upon by the defendant in the present case, has no application herein.

In the Osage Mercantile Company and Roark cases, cited in the Ford case, the trial judge, without any notice to the parties or their counsel, entered the jury room, after the cause had been submitted to the jury, and orally gave the jury additional, or supplemental instructions on points of law in the case. In each case, this court held that the appellant (against whom verdict and judgment were rendered) was entitled to a new trial based upon the court's violation of the statute now appearing as 12 O.S.1971 § 582.

In the Oklahoma City case cited in the Ford case, this court stated the gist of the statute now appearing as 20 O.S.1971 § 3001, supra, in the first paragraph of the syllabus. The situation involved in that case is indicated in the second paragraph of the syllabus:

"While it is technically error, under Section 364, O.S.1931, 12 Okl.St.Ann. § 582, for a trial court to return the jury to the court room for the purpose of an-

swering questions requested by said jury in the absence of counsel or without notifying said counsel; however, where the record discloses that the entire proceeding occurred in open court and that the trial court, in answer to questions by the jury, merely directed attention to instructions previously given, it does not appear that such conduct resulted in any miscarriage of justice or constituted a substantial violation of the defendant's constitutional or statutory rights."

The situation in the present case is comparable to the situation in Carter v. State, 12 Okl.Cr. 236, 154 P. 337, set forth in the first paragraph of the syllabus thereof and quoted, with approval, in Woodard v. Sanderson, 83 Okl. 173, 201 P. 361, 363:

" 'The fact that the trial judge went to the courtroom where the jury were deliberating and cautioned the bailiffs against permitting the jury to separate, and the jury that they would speak to nobody either concerning the case or on any other subject, and that they must keep themselves together as a body of jurors, and not communicate to the outside world, except through their bailiffs or by permission of the court. That this was in the absence of the defendant and his counsel and was not in open court is no ground for reversal where it affirmatively appears that the judge did not speak about the case, and it was not discussed or referred to by him.' "

Woodard v. Sanderson did not involve any instruction to the jury on points of law in the case, and the same result was reached as was reached in Carter v. State.

Also see Kansas City Southern Railway Company v. Norwood, Okl., 367 P.2d 722; and Stills v. Mayor, Okl., 438 P.2d 477.

In the present case, it affirmatively appears that the trial judge did not speak to the jurors about the case being considered by them, and it was not discussed or referred to by him. There is nothing to indicate, and the defendant does not argue, that the incident complained of probably resulted in a miscarriage of justice (the defendant does not contend that the evidence was not sufficient to support the verdict returned) or constituted a substantial violation of a constitutional or statutory right of the defendant. Under the provisions of 20 O.S.1971 § 3001, the judgment will not be reversed or a new trial granted because of such incident.

█ This opinion is not to be construed as approving the manner in which the trial judge communicated to the jurors the information concerning the parking lots in the vicinity of the courthouse. If there is any information, not concerning the case being considered by the jury, which the trial judge feels should be communicated to a juror or jurors, it should be done in such a way as to avoid any possible appearance of misconduct on the part of the judge, the jurors, or the official in charge of the jury.

Certiorari granted.

The decision of the Court of Appeals is vacated and the judgment of the trial court is affirmed.

WILLIAMS, V. C. J., and IRWIN, BERRY, LAVENDER and BARNES, JJ., concur.

HODGES, SIMMS and DOOLIN, JJ., dissent.

HODGES, Justice (dissenting).

It is provided by 12 O.S.1971 § 580 that after a case is submitted to the jury and they retire for deliberation, the officer in charge shall not permit any communication to be made to them except to ask if they have agreed upon their verdict, unless by order of the court. This statute has not been considered under the factual situation presented to us. The companion criminal law statute, 22 O.S.1971 § 857, contains similar language insofar as communications to the jury are concerned. It provides that the officer must not permit any person to speak to or communicate with

the jury nor do so himself unless it be by order of the court, or to ask them whether they have agreed upon a verdict.

The Court of Criminal Appeals interpreted 22 O.S.1971 § 857 in Graham v. State, 73 Okl.Cr. 337, 121 P.2d 308 (1942). It held that after the case is submitted to the jury and they have retired for deliberation, it is reversible error for the judge to go to the jury room and communicate with the jury.

The facts in the Graham case are very similar to the case at bar. In that case, after the jury had retired to deliberate on their verdict, the trial judge went to the jury room, at about 9:30 P.M. opened the door and entered. In the presence of the bailiff he asked the jury if they would be able to reach a verdict in a short time. The foreman told him to give them about fifteen minutes, the judge said "All right" and returned to his chambers. The jury returned in 20 or 25 minutes but did not have a verdict. The court excused them until the next morning. Neither the defendant nor his counsel were present at the time the court entered the jury room.

There is no question that the trial judge in the present case acted with the best of intentions and that he did not intend to influence or prejudice the jury. However, his entrance into the jury room and communication with them was in direct violation of 12 O.S.1971 § 580. After the jurors have retired to deliberate, their privacy is sacrosanct. The exclusive prerogative of the jury is to determine the facts in their deliberations. It is for this purpose that the privacy of the jury room should be sheltered from any outside sources or any semblance thereof. See Johnson v. Maynard, 9 Utah 2d 268, 342 P.2d 884, 887 (1959).

We are aware that the ordinary juror is constantly watching for some movement or expression of the trial judge as to what he believes the outcome of the trial should be. If he is observed during the progress of the trial, how much more so will it be if the court is permitted to enter the jury room after they have retired to deliberate on their verdict. Not only what the judge may say, but the very fact that he is present, may be an indication to the jury that the judge is personally interested in the verdict which they may return. The effect of this is to cause discord among the jurors in their secret deliberation. It is not only dangerous to permit the court to go into the jury room after the jury has retired, it is also hard to prove what was said or what actually took place during the time the judge was present. Graham v. State, 121 P.2d p. 311 supra.

No one should be with the jury while it is engaged in its deliberations. The jury system is founded upon the proposition that disinterested jurors will hear the evidence in open court, and upon that evidence and that alone, to deliberate among themselves until a verdict is reached. Southern Pacific Co. v. Klinge, 65 F.2d 85 (C.A. 10th Cir. 1933) cert. denied, 290 U.S. 657, 54 S.Ct. 72, 78 L.Ed. 569. To permit anyone under any pretext to be with the jury in its deliberations is to open the door to abuse and to strike directly at the heart and spirit of the jury system. Mattox v. United States, 146 U.S. 140, 13 S.Ct. 50, 36 L.Ed. 917 (1892); Kilgore v. Moore, 14 Tex.Civ.App. 20, 36 S.W. 317, 318 (1896); Havenor v. State, 125 Wis. 444, 104 N.W. 116 (1905). Nor should there be any communication between the court and the jury except in open court. Fillippon v. Albion Vein Slate Co., 250 U.S. 76, 81, 39 S.Ct. 435, 63 L.Ed. 853 (1919).

We noted in Ford v. Stone Trucking Company, 435 P.2d 565, 568 (Okl.1968) that:

"The settled rule is that a trial court cannot communicate with the jury after submission of a cause except in open court . . . or at least after notice to the parties and their counsel. Osage Mercantile Co. v. Harris, 52 Okl. 78, 152 P. 408 (1915); Roark v. McCutchan, 128 Okl. 186, 261 P. 938 (1927). And compare Oklahoma City v. Collins-Dietz-

Morris Co., 183 Okl. 264, 79 P.2d 791 (1938)."

The majority opinion infers on the finding that "probably the incident complained of did not result in a miscarriage of justice. I do not believe a litigant should be required to accept this kind of clouded disposition of his cause. Despite the appeal of measures which may appear expedient to the busy trial judge, strict adherence to this elementary premise cannot be too strongly emphasized.

The rule is strict but salutary. The parties are entitled to have their case tried in open court from start to finish. Justice and safety are not to be found in the application of any other procedure. See Howard v. Miller, 207 Kan. 246, 485 P.2d 199 (1971); Hurst v. Webster Mfr. Co., 128 Wis. 342, 107 N.W. 666 (1906).

In the discharge of his official duty, the place for the judge is on the bench. As to him, the law has closed the portals of the jury room and he may not enter. The only way to prevent any suspicion is that the judge have no control whatever over a case except in open court in the presence of the parties and their counsel. The public interest requires that litigating parties have nothing to complain of or suspect in the administration of justice, and even aside from the rights of the parties, public policy will not sanction any departure from the rule which requires all communications between the judge and the jury to be in the presence of the parties or their counsel. Graham v. State, supra; Jackson v. General Finance Corp., 208 Okl. 44, 253 P.2d 166, 168 (1953).

It is the duty of courts to enforce a strict and vigilant compliance to the constitutional and statutory provisions which are designed to preserve inviolate the right and the purity of a jury trial. Ridley v. State, 5 Okl.Cr. 522, 115 P. 628 (1911); Okl. Const. Art. 2 § 19. It is of the utmost importance that the jurors and judges be held to the rigid observance of the law which describes their procedures and duties. Their conduct should be above suspicion. Grable v. State, 60 Okl.Cr. 339, 44 P.2d 152, 154 (1935).

The appearance of justice is often equated with justice itself. Therefore, the official conduct of a judge should be free from impropriety and the appearance of impropriety. His personal behavior upon the Bench and in the performance of his judicial duties should be above reproach.

I therefore respectfully dissent.

I am authorized to state that Justice SIMMS and Justice DOOLIN concur in the views herein expressed.